edge of the fact; the act held to be within the scope of the authority of the master as agent of the owners.]

[See Sherwood v. Hall. Case No. 12,777; Luscom v. Osgood, Id. 8,608.]

[Nowhere reported; opinion not now accessible.]

WALCOTT (SLACK v.). See Case No. 12,-932.

## Case No. 17,054.

### In re WALD et al.

[12 N. B. R. 491; 7 Chi. Leg. News, 26; 1 N. Y. Wkly. Dig. 174; 1 Cent. Law J. 531.] [1]

District Court, W. D. Missouri. 1874.

BANKRUPTCY—COMPOSITION PROCEEDINGS.

Creditors whose debts do not exceed fifty dollars are to be disregarded in computing the majority who must pass a resolution of composition, as well as in ascertaining the number of those who are required to sign the confirmatory statement.

[In the matter of Wald and Aehle, bankrupts.]

KREKEL, District Judge. Under the 43d section of the amended bankrupt act of June 22, 1874 [18 Stat. 178], providing for the composition with creditors, the court made an order directing a meeting of creditors to be held to act upon a composition proposed by the bankrupts. The meeting was held, and the resolution passed as well as the confirmatory signatures of creditors are now before the court for its action. From the number of creditors who were present and represented at the meeting which passed the resolution, as well as the number signing the confirmatory statement, it becomes necessary to determine what is meant by language employed in the following part of the section referred to: "And such resolution shall, to be operative, have been passed by a majority in number and three-fourths in value of the creditors of the debtor, assembled at such meeting, either in person or by proxy, and shall be confirmed by the signature thereto of the debtor, and two-thirds in number and one-half in value of all the creditors of the debtor. And in calculating a majority, for the purposes of a composition under this section, creditors whose debts amount to sums not exceeding fifty dollars, shall be reckoned in the majority in value, but not in the majority of number."

The question is, what creditors shall be counted, in order to ascertain the majority spoken of, and are creditors whose claims do not exceed fifty dollars, to be disregarded in computing the majority who must pass the resolution, as well as in ascertaining the number of those who are required to sign the confirmatory statement. The court

holds that all creditors whose claims do not exceed fifty dollars, must be disregarded in arriving at the majorities required in both cases,—that is to say, in passing the resolution there must be a majority of the creditors assembled at such meeting, either in person or by proxy, excluding all whose claims do not exceed fifty dollars, to make the resolution operative, and in the confirmatory statement the number of signers required must be two-thirds after excluding from the whole number of creditors all whose claims do not exceed fifty dollars. It may be admitted that this construction will, in some cases, cause hardship, as it increases the trouble or difficulty on part of bankrupts to obtain the requisite number. It must be remembered, however, that the whole of the requirements of the bankrupt act in some sense may be called a forced proceeding, so far as the creditor is concerned, for the failing circumstances of the debtor largely interfere with his freedom of action.

A creditor may, under compulsion, as it were, attend the meeting of creditors provided for, but, suppose he does not, on account of the expense he must incur, which, though small, may be large when compared with the amount offered in composition, or he fails from any other cause to attend, the law should not, on that account, be construed against him, and favorable to the debtor who makes the offer. Throughout the whole section from which the quotation is made, greater regard is had to amounts than number. To illustrate; in providing for the taking of bankrupt estates out of the hands of the courts, and placing them in the hands of trustees selected by the creditors, amounts are exclusively regarded by providing that three-fourths in value of the creditors whose claims shall have been proven, shall pass the resolution.

The bankrupts will be required to bring themselves within the views of the court here expressed, in order to have their case passed upon favorably.